**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

WALTER SIMPSON,

Petitioner, : Case No. 3:26-cv-71

\- vs - District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN,
North Central Correctional Complex,

:
Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Walter Simpson under 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Court of Common Pleas (Petition, ECF No. 1). It is ripe for a report and recommendations from the undersigned on the Petition, the State Court Record (ECF No. 7), the Return of Writ (ECF No. 8), and Petitioner's Reply (ECF No. 17).

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 21).

**Litigation History**

The May 2022 term of the Clark County Grand Jury returned an indictment charging Petitioner with one count each of rape, kidnapping, and aggravated burglary (Indictment, ECF No.

7, Ex. 1). The September 2022 term returned an indictment charging him with violating a protection order. *Id.* at Ex. 3. The cases were consolidated and a jury returned a verdict of guilty on all charges. *Id.* at Ex. 11. The trial judge then sentenced Petitioner to a total indefinite prison term of 30 to 35½ years in prison. *Id.* at Ex. 12. Simpson appealed to the Ohio District Court of Appeals for the Second District, which affirmed. *State v. Simpson*, 2024-Ohio-2378 (Ohio App. 2d Dist., June 21, 2024). Simpson filed *pro se* for a delayed appeal to the Ohio Supreme Court which allowed the delayed appeal, but then declined to exercise jurisdiction. *State v. Simpson,* 177 Ohio St.3d 1454 (2025).

Simpson applied unsuccessfully to reopen his appeal under Ohio R. App. P. 26(B)(Application, State Court Record ECF No. 7, Ex. 22). His December 1, 2025, motion for new trial remained pending when the State Court Record was filed (June 8, 2026).

Simpson pleads the following grounds for relief in habeas corpus:

> **Ground One**: **Ineffective Assistance of Trial Counsel**
>
> **Supporting Facts:** My attorney Samantha Berkhofer did not show up to any of my pretrial hearings nor did she Subpoena key witnesses or any witnesses my sixth amendment right of the united states constitution was violated.
>
> **Ground Two**: **Allied Offenses Double Jeopardy Clause**
>
> **Supporting Facts:** I was convicted and sentenced to allied offenses under the Fifth Amendment of the Us Constitution my offenses were committed with the same conduct the same intent and not committed separately.
>
> **Ground Three**: **Conflict Of Interest**
>
> **Supporting Facts:** The victim works for the Clerk of Courts she has worked there for more than fifteen years she knows my attorney

the judge everybody at my trial she knows the Public Defenders office recused itself from the case stating they have known her for many years the judge should have recused himself from the case.

**Ground Four: Ineffective Assistance Of Appellate Attorney**

**Supporting Facts:** Appellate attorney should have raised clear and obvious errors such as allied offenses merger and ineffective assistance of trial attorney conflict of interest juror bias He also never sent me second appellate District's decision opinion he was Supposed to send me a time stamped copy so I could send it to the Ohio supreme court for my jurisdictional appeal this is a violation of my Sixth amendment right of the us constitution.

**Ground Five: Violation Of Speedy Trial**

**Supporting Facts:** It took thirteen months before I went to trial I never agreed or consented to any continuances my trial attorney did not protect my speedy trial rights this is a violation of my Sixth amendment right of the us constitution

.

**Ground Six: Manifest Miscarriage Of Justice**

**Supporting Facts:** My actual innocence of the crimes I were convicted of the evidence was not overwhelming the evidence was weak due to the ineffective assistance of my trial attorney and the conflict of interest I was convicted of crimes I did not commit also the failure to have witnesses in my defense in my favor at trial to testify on my behalf this case is a he say she say her word against mine we were in on and off going relationship I was living with her for a month before I found out she filed a TPO on me before that she got me a no trespassing then let me come back the next day a week before being charged with these offenses she tried to accuse me of the same exact things I sat down with the same detective and told her that Morgan had made prior statement that she would get me locked up for the very same offenses I got convicted of.

**Ground Seven: Juror Bias**

**Supporting Facts:** Juror #1 admitted to knowing deputy Holly Risner who testified at my trial also knowing other deputies in the same county said he was somewhat close to deputy Risner which was not true they are a lot closer than he admitted he did admit to being pretty close to her the relationship is close and Ongoing rather than distant and casual not only that he admitted to working with her and that he was over her and the other deputy in the Township that

> they are a part of so they are technically employees also he admitted that his neighbor was a Springfield police officer the alleged victim works in the municipal clerk of courts office so she would know his neighbor.

Petition, ECF No. 1.

## Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Simpson claims he received ineffective assistance of trial counsel in that Attorney Samantha Berkhofer failed to appear for pretrial hearings and did not subpoena witnesses.

The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective assistance of counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the

> outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Petitioner did not raise any claim of ineffective assistance of trial counsel on direct appeal (See Appellant's Brief, State Court Record, ECF No. 7, Ex. 14, PageID 195). To the extent this claim relies on evidence outside the appellate record, Simpson's opportunity to present it to the Ohio courts would have been in a petition for post-conviction relief under Ohio Revised Code § 2953.21. He never filed such a petition. When he moved for a new trial, he claimed ineffective assistance of trial counsel had caused his improper conviction on allied offenses of similar import and violation of his speedy trial rights. (Motion, State Court Record, ECF No. 7, Ex. 24, PageID 336). That Motion was filed December 1, 2025, *Id.* at PageID 333. That was far too late to have the motion be considered as a post-conviction petition.

Because Simpson failed to raise an ineffective assistance of trial counsel claim on direct appeal or in a petition for post-conviction relief, the claim is procedurally defaulted. Procedural default on direct appeal can be excused if it was caused by ineffective assistance of appellate counsel, but that claim is itself procedurally defaulted if it has not been found meritorious in state court proceedings to consider such claims. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007).

In Ohio claims of ineffective assistance of appellate counsel must be brought in an application for reopening under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Simpson filed such an application (State Court Record, ECF No. 7, Ex. 22). In it he accused his appellate attorney of ineffective assistance for failing to assign as error the ineffective assistance of trial counsel Berkhofer. *Id.* at PageID 315. The Court of Appeals analyzed the underlying ineffective assistance of trial counsel claim and found that it was unsubstantiated and therefore it was not ineffective assistance of appellate counsel to fail to raise it (Order, State Court Record, ECF No. 7, Ex. 23). Simpson has failed to show this decision of the Second District was contrary to or an objectively unreasonable application of *Strickland* as applied to appellate counsel. Therefore Ground One is procedurally defaulted without excusing cause and prejudice.

**Ground Two: Allied Offenses; Double Jeopardy**

In his Second Ground for Relief, Simpson claims he stands convicted of allied offenses of similar import or that his convictions violate the Double Jeopardy Clause of the Fifth Amendment.

Under Ohio Revised Code § 2941.25 a person cannot be convicted and punished for allied offenses of similar import. Ohio Revised Code § 2941.25 provides

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be

convicted of all of them.

Under the Double Jeopardy Clause a person cannot be convicted twice for the same offense. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). This cannot re-examine a conclusion of the Ohio courts on an allied offense claim because Ohio Revised Code § 29041.25 is only a matter of Ohio law.

The question of whether Simpson's convictions violated the Double Jeopardy Clause was clearly available to be raised on direct appeal but was not. (Appellant's Brief, State Court Record,

ECF No. 7, Ex. 14). Because it was not raised there, it has been procedurally defaulted. Any attempt to raise it after the direct appeal would be met by a *res judicata* defense. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson,* 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

For the reasons already given, the default cannot be excused by ineffective assistance of appellate counsel, given the Second District's rejection of Simpson's 26(B) application.

**Ground Three**: **Conflict Of Interest**

Simpson claims his trial was unfair because the victim worked in the Clerk of Court's Office in the Clark County Municipal Court and she knew Simpson's attorney and the trial judge.

Simpson does not relate this claim to any particular provision of the United States Constitution. The undersigned knows of no precedent of the United States Supreme Court holding that the claims of a complaining witness/victim in a criminal case who is also employed in the Municipal Court Clerk's Office in the same county as the court that tries the case cannot be tried in that court and Simpson points to no particular way in which that would have biased the jury.

Pointing out the possible relationships that might have developed, Simpson moved for a change of venue (Motion, State Court Record, ECF No. 7, Ex. 9). The trial judge summarily denied the Motion without explaining his decision. *Id.* at Ex. 10. But that failure to transfer venue

was not raised on appeal. Furthermore, Ohio provides an exclusive remedy for disqualifying a trial judge by motion for disqualification to the Chief Justice of the Supreme Court. No such motion was filed in this case.

Ground Three is accordingly procedurally defaulted without excusing cause and prejudice.

**Ground Four: Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Simpson claims he received ineffective assistance of appellate counsel when his appellate attorney failed to plead assignments of error (1) for failure to merge allied offense of similar import; (2) unspecified ineffective assistance of trial counsel; (3) unspecified conflict of interest (presumably the same claims as made in Ground Three); and (4) failing to send Simpson a time-stamped copy of some document.

The Second District rejected his claim that appellate counsel provided ineffective assistance by not asserting trial attorney ineffectiveness related to unasked questions and unmade objections, noting that those are matters of trial strategy (Order on Application for Reopening, State Court Record, ECF No. 7, Ex. 23). It rejected his claims related to "conflict of interest" because he made no showing that the jurors to whom he objected were actually biased. *Id.* Because there was no indication the jury was anything other than unanimous, it did not constitute ineffective assistance of trial counsel to fail to poll them and therefore did not constitute ineffective assistance of appellate counsel to fail to raise that as an assignment of error. *Id.* Petitioner's miscellaneous complaints about trial counsel were not supported by the record and his complaints about conflict of interest did not support a claim of juror because

> it is illogical to think that Simpson would have been prejudiced by it as he was convicted after a jury trial. There is no reason that the jury would have known – or cared – that the victim worked for the Clerk of Courts or that her father was allegedly the court's

> accountant. Its sole determination was based on the evidence presented by the parties at trial. Appellate counsel was not ineffective.

*Id.* at PageID 330-31.

The Second District's decision on the issue of ineffective assistance of appellate counsel is an objectively reasonable application of *Strickland* as it applied to appellate counsel. Therefore Petitioner cannot rely on ineffective assistance of appellate counsel directly, or to excuse procedural default of other claims.

**Ground Five: Denial of Speedy Trial**

In his Fifth Ground for Relief, Simpson complains that the delay of his trial for thirteen months deprived him of his right to a speedy trial under the Sixth Amendment. This Ground for Relief is procedurally defaulted because it was not raised on direct appeal, despite being available on the face of the appellate record (See Appellant's Brief, State Court Record, ECF No. 7, Ex. 14, PageID 195). Nor was it raised as an omitted assignment of error in the 26(B) Application.

**Ground Six: Manifest Miscarriage of Justice (Actual Innocence)**

In his Sixth Ground for Relief, Simpson asserts his conviction embodies a manifest miscarriage of justice because he is actually innocent of the crimes of which he stands convicted.

Ground Six fails to state a claim on which habeas corpus relief can be granted. A free-standing claim of actual innocence does not state a claim for habeas relief. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). Actual innocence if sufficiently proven provides a gateway into habeas around procedural defects such as procedural defaults or the statute of limitations. *Schlup v. Delo*,

513 U.S. 298 (1995); *McQuiggin v. Perkins*, 569 U.S. 383 (2013). But Simpson has presented no new evidence, instead asking this Court to re-weigh the evidence presented. He asserts this is just a "he said, she said," case, but the jury had the ability to weigh the evidence and determinations of credibility are exclusively the jury's to make in the absence of new evidence of the sort detailed in *Schlup*.

**Ground Seven: Juror Bias**

In his Seventh Ground for Relief, Simpson claims Juror Number One was biased because he has an ongoing close relationship with "Deputy Risner." As with many of his claims, Simpson provides no record reference for any facts he relies on for this claim, thereby ignoring Magistrate Judge Gentry's Order that "All papers filed in the case thereafter [i.e. after the State Court Record] by either party shall include record references to the PageID number." (Order, ECF No. 3, PageID 150).

If Simpson has evidence that was not part of the appellate record that shows a biasing relationship between a juror and a witness, he had an opportunity to present that evidence in a petition for postconviction relief, which has never been filed.

Ground Seven should be dismissed as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 16, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.